United States District Court
Southern District of Texas
**ENTERED**
June 26, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GERRY R. HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3103 |
| | § | |
| SGT. BLANKENSHIP, *et al*., | § | |
| | § | |
| Defendants. | § | |

### ORDER OF PARTIAL DISMISSAL

Gerry R. Hill is an inmate in the Texas Department of Criminal Justice. He filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no valid claims, the court must dismiss the complaint.

### A.      Deprivation of Property

Hill alleges that defendant Jeremy Zwar unlawfully deprived him of property, and that defendants G. Jones and Ashley Ransom also deprived him of his property. Amended Complaint (Docket Entry No. 18) at 3, 13. In *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grds. by Daniels v. Williams*, 474 U.S. 327 (1986), the Supreme Court held that "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee . . . deprives an individual of property, provided that the state makes available a meaningful postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 531 (1984). Texas provides a legal remedy when a prisoner's property is lost

or damaged by employees of the state prison system.  *See* TEX. GOV'T CODE § 501.007.  Therefore, a meaningful postdeprivation remedy was available, and Hill was not deprived of his property without due process of law.  These claims are dismissed.

### B.    Time-Barred Claims

The statute of limitations for section 1983 claims is two years.  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).  A court may dismiss time-barred claims under 28 U.S.C. § 1915A.  "Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915."  *Gonzales v. Wyatt*, 157 F.3d 1016, 1019–20 (5th Cir. 1998)**.**

Pursuant to the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing.  *See Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006).  A number of Hill's claims allege wrongdoing that occurred more than two years before he signed the motion for a temporary retraining order with which he initiated this lawsuit on August 12, 2019.  The date on which Hill signed the motion is the earliest possible date that he could have deposited it into the prison mail system to open this case.

Hill alleges that defendant Kelly Strong left him in handcuffs from October 8 to October 23, 2016.  Amended Complaint at 3.  He alleges that Warden Cliff Priestwood retaliated against him on August 3, 2017, and told him that his action was retaliatory on August 11, 2017.  *Id.* at 9.  Hill alleges that defendants Blankenship, Samford, and Cooley denied him medical attention in 2015.  *Id.* at 7  Hill also raises numerous complaints about allegedly retaliatory transfers and other claims

2

concerning his conditions of confinement occurring between 1999 and 2010. *Id.* at 8-9. He alleges that defendants from the Safe Prisons program convicted him of a disciplinary offense in 2014 in violation of his right to due process of law. *Id.* at 14. All of these incidents are alleged to have occurred more than two years before Hill initiated this lawsuit and are barred by the statute of limitations.

### C.    Conclusion

For the foregoing reasons, Hill's claims against defendants Jones, Ransom, Strong, Priestwood, Blankenship, Samford, and Cooley are **dismissed with prejudice**. Hill's claim for property loss against defendant Zwar, his claim concerning transfers and prison conditions occurring before August 12, 2017, and his claim concerning his 2014 disciplinary conviction are all **dismissed with prejudice**. The court will conduct proceedings on the remaining claims.

SIGNED on June 25, 2020, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

3